# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY LEE CHATMAN, JR., <br><br> Petitioner, <br><br> v. <br><br> STATE OF CALIFORNIA, <br><br> Respondent. | Case No. 1:19-cv-01446-LJO-SAB-HC <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATION, DENYING PETITIONER'S MOTION TO STAY, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY <br><br> (ECF Nos. 5, 8) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 28, 2019,[1] the Magistrate Judge issued Findings and Recommendation that recommended dismissing the petition as an unauthorized successive petition. (ECF No. 5). Petitioner filed timely objections. (ECF No. 7).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Findings and Recommendation is supported by the record and proper analysis.

In his objections, Petitioner argues that the instant petition should not be dismissed because he "is clearly not raising the same grounds as any prior petition." (ECF No. 7 at 1).[2] As

---
[1] The Findings and Recommendation was signed on October 25, 2019 and entered on the docket on October 28, 2019.
[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

noted in the Findings and Recommendation, a petitioner may file a second or successive petition raising a new ground if it meets the requirements set forth in 28 U.S.C. § 2244(b)(2)(A)–(B). However, it is not the district court that decides whether a second or successive petition meets these requirements. Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the *appropriate court of appeals* for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). As Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file a successive petition, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

Petitioner also moves to stay the instant proceeding "until such time that Petitioner returns to the State Court to present New Evidence and returns back to this Court." (ECF No. 8 at 1). The Court finds that stay and abeyance would not be appropriate.[3] As set forth above and in the Findings and Recommendation, dismissal is warranted because the petition is an unauthorized successive petition. The issue of exhaustion was not a basis for the Magistrate Judge's recommendation of dismissal. In the event the Ninth Circuit grants Petitioner leave to file a successive § 2254 petition, Petitioner can return to the district court and file his habeas petition.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a

---

[3] This conclusion does not prevent Petitioner from presenting any newly discovered evidence to the state courts.

criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

If a court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

In the present case, reasonable jurists would not find the Court's determination that Petitioner's habeas petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued on October 28, 2019 (ECF No. 5) is ADOPTED IN FULL;

2. Petitioner's motion to stay (ECF No. 8) is DENIED;

3. The petition for writ of habeas corpus is DISMISSED;

4. The Clerk of Court is DIRECTED to CLOSE the case; and

5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   January 17, 2020

_____
SENIOR DISTRICT JUDGE